**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DONALD FLEMING,

      Plaintiff,

v.

MATTHEW SWITALSKI,

      Defendant,
_____/

Civil Action No. 2:10-10255
HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT COURT

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is Plaintiff Donald Fleming's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983.  Plaintiff is a pre-trial detainee currently confined at the Macomb County Jail in Mount Clemens, Michigan.  For the reasons stated below, the complaint is dismissed for failing to state a claim upon which relief can be granted.

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;

1

(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff claims that he has been an inmate at the Macomb County Jail since July 25, 2009 on an unspecified criminal charge. Plaintiff claims that he was interviewed by Sergeant Richards at the county jail, who recommended that plaintiff be granted personal bond, with the condition that he undergo drug testing. Plaintiff claims that Judge Switalski has delayed releasing plaintiff on personal bond on four separate occasions until he completes several classes

which are supposed to begin only after a defendant is sentenced. Plaintiff claims that his participation in the various classes prior to sentencing would require him to admit guilt to crimes which he claims he did not commit. Plaintiff requests monetary damages in the amount of $ 250.00 per day for every day from August 15, 2009 onward that he could have been released on personal bond.

## IV. Discussion

Judge Switalski is absolutely immune for money damages for his decisions involving plaintiff's release on bail. Judges are generally absolutely immune from civil rights suits for money damages. *Ireland v. Tunis*, 113 F. 3d 1435, 1440 (6th Cir. 1997)(citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997)). Judicial immunity is abrogated in only when a judge is not acting in a judicial capacity, or when the judge takes action in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12 (internal citations omitted).

Whether an action is "judicial" depends on the " 'nature' and 'function' of the act, not the 'act itself.'" *Id.* at 13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). This functional analysis generally turns on two factors set forth by the Supreme Court in *Stump*. First, rather than looking at a particular act in isolation, courts should "look to the particular act's relation to a general function normally performed by a judge." *Mireles*, 502 U.S. at 13. Second, courts must assess whether the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362. An act "'does not become less judicial by virtue of an

3

allegation of malice or corruption of motive.'" *Sparks v. Character and Fitness Committee of Kentucky*, 859 F.2d 428, 432 (6th Cir. 1988)(quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)).

A judge enjoys absolute immunity from suit for monetary damages when he or she sets bail in a criminal case. *See Root v. Liston,* 444 F. 3d 127, 132 (2nd Cir. 2006); *See also Hollis v. Wilson County*, No. 2009 WL 1651456, * 5 (M.D. Tenn. June 10, 2009).

In this case, there is no allegation by plaintiff that Judge Switalski lacks jurisdiction to preside over his criminal case. Judge Switalski is therefore absolutely immune from monetary damages arising out of his failure to release plaintiff on bond.

## V.   CONCLUSION

**IT IS HEREBY ORDERED** that plaintiff''s complaint is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

Dated:  January 26, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 26, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk